# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 12-742V
**Filed: March 26, 2015**

| | |
|---|---|
| * * * * * * * * * * * * * * * | UNPUBLISHED |
| SYDNEY RICH, * | |
| * | Special Master Hamilton-Fieldman |
| Petitioner, * | |
| * | Decision on Interim Attorneys' Fees |
| v. * | and Costs; Reasonable Amount |
| * | Requested to Which Respondent |
| SECRETARY OF HEALTH * | Does Not Object. |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * | |

<u>Andrew D. Downing</u>, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
<u>Sarah C. Duncan</u>, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On November 1, 2012, Sydney Rich ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that she suffered from Acute Disseminated Encephalomyelitis ("ADEM") as a result of the administration of an influenza ("flu") vaccine on September 26, 2010[3]. On October 30, 2014, an onset hearing was held. A decision regarding onset is pending.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] A hearing was conducted on June 24, 2013 and the undersigned found that Petitioner received the influenza vaccination on September 26, 2010. Order, ECF No. 35.

1

On March 24, 2015, the parties filed a stipulation of fact concerning interim attorneys' fees and costs stating that they had agreed on a reasonable amount of attorneys' fees and costs that have been incurred by Petitioner's counsel to date. Respondent maintains her objection to any award of interim attorneys' fees and costs. Nevertheless, the parties agree to the reasonableness of the revised total of interim attorneys' fees and costs as set forth in paragraph 6 of the joint stipulation.

The undersigned finds that Petitioner is entitled to an award of interim attorney's fees and costs under the unique facts and circumstances of this case. See Butler v. Sec'y, HHS, No. 02-1051, 2012 WL 4458203 (Fed. Cl. Spec. Mstr. June 25, 2012) (awarding interim attorneys' fees and costs over respondent's objection); Shaw v. Sec'y, HHS, 609 F.3d 1372, 1375 (Fed. Cr. 2010) (holding that "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees"). The undersigned finds that paragraph 6 of the stipulation is reasonable and adopts it as the decision of the Court in awarding interim fees and costs, on the terms set forth therein.

**Accordingly, the undersigned hereby awards:**

1. **A lump sum of $45,358.69 in the form of a check jointly payable to Petitioner, Petitioner's attorney, Andrew D. Downing, and Van Cott & Talamante; and**

2. **A lump sum of $4,771.31 in the form of a check jointly payable to Petitioner, Petitioner's attorney, Andrew D. Downing, and Hennelly & Steadman PLC.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

                                                s/ Lisa Hamilton-Fieldman
                                                Lisa Hamilton-Fieldman
                                                Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.