# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 12-742V
Filed: March 28, 2017

| | |
|---|---|
| * * * * * * * * * * * * * * * * | Special Master Sanders |
| SYDNEY RICH, * | |
| * | Attorneys' Fees and Costs; Adjusted Hourly |
| Petitioner, * | Rate; Paralegal's Adjusted Rate; |
| * | Reduction for Duplicative Entries. |
| v. * | |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * | |

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
Sarah C. Duncan, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 1, 2012, Sydney Rich ("Petitioner") petitioned for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).[2] Petitioner alleged that the administration of an influenza ("flu") vaccine on September 26, 2010 caused her to suffer from Acute Disseminated Encephalomyelitis ("ADEM"). Petition at 1, filed Nov. 1, 2012. On June 30, 2016, Special Master Hamilton-Fieldman issued a decision dismissing the petition. Decision, ECF No. 91.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On January 13, 2017, Petitioner filed an application for attorneys' fees and costs. Petitioner requested attorneys' fees in the amount of $30,040.50. *See* Petitioner's Application at 1, filed Jan. 13, 2017. Petitioner requested attorneys' costs in the amount of $8,086.87. *Id.* Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response at 2, filed Jan. 30, 2017. Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3. Petitioner did not file a reply thereafter.

For the reasons discussed below, the undersigned awards Petitioner $27,464.80 in attorneys' fees and $8,086.87 in attorneys' costs, for a total award of $35,551.67.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Attorneys may be awarded fees for travel if they provide adequate documentation that they performed legal work during that travel. *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*¸ No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. Denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). For example, an attorney that has been practicing for twenty or more years has an appropriate hourly rate between $350 and $425. *Id.* An attorney with eight to ten years of experience, on the other hand, has a reasonable hourly rate between $275 and $350. *Id.*

### a. Hourly Rates

Special Master Gowen recently determined the reasonable forum rate ranges for attorneys

with varying years of experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Pursuant to *McCulloch*, a forum attorney with more than 20 years of experience may be awarded $350.00 to $425.00 per hour. *McCulloch*, 2015 WL 5634323 at *19.

Shortly thereafter, Special Master Corcoran endorsed the rates established in *McCulloch* and found that they were applicable to Mr. Downing. *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669 at *11 (Fed. Cl. Spec. Mstr. Sept. 30, 2015) (finding that "the forum rate and the rate prevailing among Arizona attorneys [the geographic locale from which Mr. Downing practices] is substantially equivalent"). Special Master Corcoran then found that it was appropriate to award Mr. Downing a forum rate of $350.00 per hour for work performed in 2015. *Al-Uffi*, 2015 WL 6181669 at *11. Indeed, numerous special masters have found it appropriate to award Mr. Downing $350.00 per hour for work performed in 2015 and 2016. *See, e.g., Weggen v. Sec'y of Health & Human Servs.*, No. 15-1338V, 2016 WL 6576568 (Fed. Cl. Spec. Mstr. Oct. 13, 2016); *Fuller v. Sec'y of Health & Human Servs.*, No. 15-1470V, 2016 WL 3999798 (Fed. Cl. Spec. Mstr. July 5, 2016); *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906 at *7 (Fed. Cl. Spec. Mstr. May 26, 2016); *Dean v. Sec'y of Health & Human Servs.*, No. 13-808V, 2015 WL 8001603 at *7 (Fed. Cl. Spec. Mstr. Nov. 12, 2015).

In the instant case, the undersigned agrees that Mr. Downing is entitled to forum rates. The requested rate of $350.00 per hour for work performed in 2015 and 2016 is reasonable and consistent with past decisions. The undersigned does not approve, however, the requested hourly rate of $375.00 for Mr. Downing's work in 2017. This would constitute a 7.14% increase from the rate awarded in 2016. Petitioner does not provide any rationale for this requested increase. Furthermore, it would exceed the 3.7% growth rate for attorneys' fees which is customary in the Program. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 at *16 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The undersigned will apply the *McCulloch* growth rate, which results in an hourly rate of $363.00 for Mr. Downing's 1.1 hours of work in 2017. Thus, the fee award is reduced by $13.20.

The undersigned will also award the requested rates for the associates' and paralegal's work in 2015 and 2016, as these are consistent with past decisions. *See, e.g., Laney v. Sec'y of Health & Human Servs.*, No. 14-948V, 2016 WL 7030744 (Fed. Cl. Spec. Mstr. Oct. 18, 2016); *Weggen*, 2016 WL 6576568 (Fed. Cl. Spec. Mstr. Oct. 13, 2016); *Fuller*, 2016 WL 3999798 (Fed. Cl. Spec. Mstr. July 5, 2016); *Nichols v. Sec'y of Health & Human Servs.*, No. 14-1103V, 2016 WL 4272356 (Fed. Cl. Spec. Mstr. June 22, 2016); *Uscher v. Sec'y of Health & Human Servs.*, 2016 WL 3670518 (Fed. Cl. Spec. Mstr. June 15, 2016).

The undersigned finds that it is necessary to adjust the 2017 rate for paralegal Danielle P. Avery. In *McCulloch*, Special Master Gowen found that it was reasonable to award $135.00 per hour to each paralegal who was "[a] well-qualified, carefully chosen college graduat[e]" with "several years at the firm doing exclusively vaccine work." *McCulloch* at *21. Special masters have consistently awarded $100.00 per hour for work performed by Ms. Avery. *See, e.g., Laney*, 2016 WL 7030744 at *6; *Weggen*, 2016 WL 6576568 at *7; *Uscher*, 2016 WL 3670518 at *2. In this case, Petitioner requests $100.00 per hour for Ms. Avery's work in 2015 and 2016, and an

increased rate of $135.00 per hour for her work in 2017. Petitioner does not provide any information about Ms. Avery's qualifications or what would justify this increased rate. Because there is no indication that Ms. Avery now has credentials and experience comparable to the paralegals in *McCulloch*, it is unreasonable to increase her rate to $135.00 per hour. However, it is reasonable to increase her rate to account for her additional experience and the rate of inflation. After some consideration, the undersigned will award $110.00 per hour for Ms. Avery's 0.50 hours of work performed in 2017. Thus, Ms. Avery's fee award is reduced by $12.50.

**b. Hours Expended**

On review of the billing record, the undersigned finds a reduction of Mr. Downing's travel fees by half to be reasonable. In *Gruber*, the Court of Federal Claims noted that "[e]ven an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, at 791 (2010). Instead, petitioners' counsel must provide adequate documentation for a full award of requested fees. *See id.*, at 791 ("[I]t is not only logical, but proper practice, to require Petitioners' attorneys to document the fees claim submitted in a manner that will enable the Special Master to reach a reasoned decision."); *see also Pancoast v. Sec'y of Health & Human Servs.*, No. 15-718V, 2016 WL 7574815, at *4 (Fed. Cl. Spec. Mstr. Nov. 16, 2016) (finding full compensation for travel where petitioner's counsel provided adequate documentation).

Here, I do not find the documentation warranting a full award of attorneys' fees for the travel of November 15, 2016 and November 16, 2016. For November 15, 2016, Mr. Downing billed 7 hours for "[t]ravel to D.C. for oral argument on appeal." ECF No. 103-1, at 4. I will award Mr. Downing 3.5 hours for this travel. On November 16, 2016, counsel billed 7 hours for "[r]eturn travel from D.C. to Phoenix following oral argument." *Id.* at 5. Likewise, Mr. Downing will be awarded half the time billed. Thus, Mr. Downing's travel fee award is reduced by $2,450.

Additionally, it appears that the fee application contains several duplicative entries, which will not be compensated. On April 6, 2015, Ms. Avery made three identical billing entries, for 0.2 hours to "Draft Notice of Change of Address for filing with the Court; finalize and file Notice of Change of Address." ECF No. 103-1, at 6. On November 2, 2016, she twice billed 0.2 hours to "Receive, review, and process Court's Scheduling Order; note Oral Argument scheduled for November 16, 2016 @ 2:00 p.m. EST." *Id.* at 8. In total, Ms. Avery billed 1 hour at $100.00 per hour, totaling $100.00, for entries that appear duplicative. Accordingly, these are deducted from the fee award.

**c. Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $8,086.87 in attorneys' costs. The costs are associated with legal research; travel to and from

D.C.; postage; photocopying and faxing; and obtaining an expert report. The undersigned finds them to be reasonable and awards them in full.

## II. Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $30,040.50 |
| (Reduction to Mr. Downing's Hourly Rate in 2017) | -$13.20 |
| (Reduction to Ms. Avery's Hourly Rate in 2017) | -$12.50 |
| (Reduction for Mr. Downing's Travel Fees) | -$2,450 |
| (Reduction for Duplicative Entries) | -$100.00 |
| **Attorneys' Fees Awarded** | **$27,464.80** |
| **Attorneys' Costs Awarded** | **$8,086.87** |
| **Total Attorneys' Fees and Costs Awarded** | **$35,551.67** |

The undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable with the above reductions. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $35,551.67,[3] in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Andrew D. Downing, of Van Cott & Talamante, PLLC.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).